ISAAC W. INGERSOLL AND GEORGE L. SEAGRAVES v. WIL-
LIAM BAKER.

*Action for separate and distinct liability.*

An action for a separate liability against a single defendant precludes evidence that he was liable as principal debtor jointly with another.

An unwritten promise to pay another's debt is void. One cannot, therefore, be sued as guarantor or surety if there is no pretense that he had made a written agreement.

Plaintiffs sued defendant for the price of building materials, claiming that they had engaged to furnish them to a person in his employment, but after furnishing part had delivered the rest to defendant on a new agreement which they had made with him after informing him that they had concluded not to deliver anything more under the first arrangement. Defendant denied

making any agreement. *Held* that the fact of the first agree-- ment did not preclude the existence of another, and that any evidence tending to show a distinct agreement with defendant. should go to the jury.

Error to Wayne. Submitted April 23. Decided June 4..

ASSUMPSIT. Plaintiffs bring error.

*Moore, Canfield & Warner* for plaintiffs in error. One is liable upon a distinct, original undertaking even though it relates to the subject matter of a previous contract with another person to the same effect, *Calkins v. Chandler*, 36 Mich., 324; *Walker v. Hill*, 119 Mass., 249; *Allen v. Leonard*, 16 Grey, 202; *Puckett v. Bates*, 4 Ala., 392; Throop on Verbal Agreements, §§ 296, 305; *Sinclair v. Richardson*, 12 Vt., 33; *Kutzmeyer v. Ennis* 3. Dutch., (N. J.), 371; *Devlin v. Woodgate*, 34 Barb., 252; *King v. Despard*, 5 Wend., 277; *Warnick v. Grosholz*, 3: Grant's Cases, (Pa)., 234; *Leonard v. Vredenburg*, 8: Johns., 39; *Quintard v. DeWolf*, 34 Barb., 97; a promise to pay the amount due on another's contract is not. void if made in the promissor's own interest, *Clifford v. Luhring*, 69 Ill., 401; Roberts on Frauds, 232; 3 Pars.. Cont., 24; *Nelson v. Boynton*, 3 Met., 396; *Farley v.. Cleveland*, 4 Cow., 432; *Wills v. Brown*, 118 Mass., 137..

*George Gartner* for defendant in error. An unwritten promise to pay for work done on another's contract is. void, *Bresler v. Pendell*, 12 Mich., 224.

GRAVES, J. At the June term a year ago we reversed a judgment which had been given for these plaintiffs.. *Baker v. Ingersoll*, 39 Mich. A second trial has been had since resulting in a judgment against them, and a reversal is now sought on their part.

The defendant engaged one Caswell to provide the materials and perform certain work for him on a building, and Caswell thereupon agreed with the plaintiffs to supply the required materials for $333. They delivered

41 MICH.—7.

what came to $150, and no question is raised but that these were furnished to Caswell, and on his credit under this agreement. The residue amounting to $183 were supplied shortly after, and the plaintiffs claim that these were so furnished and delivered to the defendant, and on a new and distinct agreement made with him therefor after informing him they had concluded·they would not deliver any thing more under the arrangement with Caswell.

The defendant denies making this agreement with the plaintiffs and insists that there is no ground for holding him liable, and he makes the point that the ruling on the former hearing requires an affirmance of the present judgment.

We are unable to assent to this view of the bearing of that decision. The record then showed that the judge refused to instruct the jury that if the agreement with Caswell remained not canceled, the oral promise by the defendant was not binding, and we considered there was room for the jury to make use of the circumstances in such manner as to call for the instruction requested, and we accordingly reversed the judgment because it was not given.

At the last trial the entire evidence was withheld from the jury, and the judge, assuming there was none for them to consider and that there was no case on which a finding for the plaintiffs could be made, ordered a verdict for the defendant. Hence in its present attitude the case raises the general question whether the plaintiffs adduced evidence which entitled them to take the opinion of the jury.

It is the same as admitted that the articles in question were in fact furnished by the plaintiffs for the defendant's building, and were there used, and in accordance with the understanding of all the parties.

As the action is against Baker alone, and supposes a separate and not a joint liability, it will not bear proof that he became liable as joint principal with Cas-

well, and as there is no pretense that he made any undertaking in writing, he cannot be held as Caswell's guarantor or surety.

If we regard the controversy in the shape it bears in the record, it seems to be reduced to this question: whether the articles sued for were furnished by the plaintiffs on a new and distinct agreement with the defendant that he alone should be their debtor for the price, and their right to a verdict would seem to depend upon getting an affirmative answer.

The fact that Caswell had previously entered into an agreement with the plaintiffs for the same things and for the same use, and was not aware they were resolved not to act further under it, cannot be regarded as necessarily in derogation of their claim.

There is no rule of law which forbade these parties from making a distinct original agreement between themselves under which the obligation incurred by defendant should have no connection whatever with the obligation, if any, of Caswell under his agreement.

It must be admitted, therefore, that the earlier agreement with Caswell and his ignorance that the plaintiffs had decided they would not deliver these articles on it was not incompatible with a valid dealing between these parties on their own grounds and apart from the contract relation between the plaintiffs and Caswell.

And if such was the case,—if these parties holding aloof from the contract relation between the plaintiffs and Caswell, whether that relation was or was not rescinded, and contracting a relation exclusively between themselves, dealt for the articles in question,—then as to such transaction there was no other person indebted and no debt of "another person" to which the defendant's promise could be referred. His undertaking was as principal, and not as guarantor or surety, and he was bound by it.

On the other hand, if the parties contemplated that the articles should be furnished under the agreement

which had been made with Caswell and that the defendant should be bound to pay the price in case Caswell did not pay it, the defendant was not principal debtor, but a surety only, and was not bound for want of writing.

The record discloses evidence tending to sustain the claim of plaintiffs that defendant contracted and bound himself as principal, and the construction and force of this evidence with the rest ought to be settled by the jury.

The judgment should be reversed with costs and a new trial granted.

The other Justices concurred.