## HENRY G. STONE ET AL. v. SARAH NICHOLS ET AL.

*Pleading—Common counts.*

Assumpsit on the common counts will lie for the price of articles sold, on the vendee's refusal to give an order which the plaintiff had agreed to take in payment, and which was to be drawn on a third person and be payable in labor.

Error to Kent. Submitted Jan. 21. Decided Feb. 11.

ASSUMPSIT. Defendants bring error.

*Geo. H. White* for plaintiffs in error. Recovery cannot be had under the common counts for work and materials furnished under a special contract, unless the defendant has so far fulfilled its terms that his liability is solely to pay money, and in other cases recovery must be had on a special count for damages for breach of contract, *Begole v. McKenzie* 26 Mich. 470; *Crane v.*

*Grassman* 27 Mich. 444; *Butterfield v. Seligman* 17 Mich. 98; Chitty's Pl. 340; Selw. N. P. 73; where the plaintiff in assumpsit on a special contract has fulfilled his obligations, and the defendant has omitted some duty other than the payment of money, the declaration must be special, *Spratt v. M'Kinney* 1 Bibb 595; *Cochran v. Tatum* 3 T. B. Mon. 405; *Bradley v. Levy* 5 Wis. 400; *Weart v. Hoagland* 2 Zab. 517; *Nesbitt v. Ware* 30 Ala. 68; *Brooks v. Scott* 2 Munf. 344; *Carson v. Allen* 6 Dana 395; *Snedicor v. Leachman* 10 Ala. 330; *Baldwin v. Lessner* 8 Ga. 71; *Haynes v. Woods* 1 Stew. (Ala.) 12; *Bernard v. Dickins* 22 Ark. 351; *Duncan v. Littell* 2 Bibb 425; *Talver v. West* 1 Holt N. P. 178.

*Grove & Harris* for defendant in error. *Indebitatus assumpsit* may be maintained wherever there is a legal liability to pay money for work and labor or for goods sold and delivered, whether under an executed contract or not; and a case where an agreement performed by one party was to be performed by the other by payment in specific articles, and payment has been demanded according to the terms of the contract and refused, is no exception, *Way v. Wakefield* 7 Vt. 223; *Clark v. Fairchild* 22 Wend. 576; *Smith v. Smith* 2 Johns. 235; *Childs v. Fischer* 52 Ill., 205; *Jackson County v. Hall* 53 Ill. 440; this rule applies where a payment by bill, note, order or other obligation has been refused and the credit or time for which the paper was to be current, has expired, 1 Chitty Pl. 347; *Hunneman v. Grafton* 10 Met. 454; *Hanna v. Mills* 21 Wend. 90; *Yale v. Coddington* id. 175.

GRAVES, J. This is a very plain case. It originated in a justice's court, and the defendants in error, who were the plaintiffs, carried it by appeal to the circuit court where they recovered before a jury. The action was on the common counts for the price of manufactured articles which Stone used in a building he was putting up, and the items were explained in a bill of particulars.

It was not disputed that the articles charged for were provided by defendants in error and used in the building. Neither were the prices questioned. The subject of controversy was who was the real debtor to defendants in error. The evidence for the plaintiffs was that the materials were bargained to Stone, and that they agreed to take his order on one Scofield, payable in labor in the place of money, and that Stone refused to give the order. And on the part of the defense the showing was that although the articles were for Stone's use, they were yet furnished on Scofield's exclusive credit, he being Stone's debtor and it being mutually understood that Scofield should pay in labor to the plaintiffs and receive from Stone a credit on account for the amount so paid.

The case was distinctly and fairly submitted to the jury to find the truth between these conflicting claims, and they determined that the version by the plaintiffs was true and as a consequence, that the other was not so. There was no question of accomplished novation and, taking the case to be as contended by the plaintiffs and found by the jury, the action was maintainable on the common counts. *Gibbs v. Blanchard* 15 Mich. 292. There are some features which resemble points in several late cases. *Ingersoll v. Baker* 41 Mich. 48; *Lyon v. Chamberlain* id. 119; *Bonine v. Denniston* id. 292. The notice of special matter had no effect before the jury. The charge was explicit on the subject. There is no error.

The judgment is affirmed with costs.

The other Justices concurred.